| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: **Southern District of Texas** |
| Case number (if known): _____  Chapter __11__ |

☐ Check if this is an amended filing

# Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy      06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's name**  Acclivity West, LLC

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  27-0727677

**4. Debtor's address**

**Principal place of business**
300 Spectrum Center Dr
Number    Street
Irvine, CA 92618-4989
City                     State    ZIP Code

Orange
County

**Mailing address, if different from principal place of business**

**Location of principal assets, if different from principal place of business**

**5. Debtor's website (URL)**

**6. Type of debtor**
☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify:

---

Official Form 201          **Voluntary Petition for Non-Individuals Filing for Bankruptcy**          page **1**

Debtor  **Acclivity West, LLC**                                                                  Case number *(if known)* _____
 Name

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. §101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. §781(3))<br>☑ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. §501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>  5   2   3   9 |
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first subbox. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11. *Check **all** that apply:*<br>  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☑ A plan is being filed with this petition.<br>  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ☑ No<br>☐ Yes. District _____ When _____ Case number _____<br>                                           MM / DD / YYYY<br>          District _____ When _____ Case number _____<br>                                           MM / DD / YYYY |
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☑ Yes. Debtor **Acclivity Ancillary Services LLC**     Relationship **Affiliate**<br>         District **Southern District of Texas**          When **9/18/2023**<br>                                                                                            MM / DD / YYYY<br>         Case number, if known _____ |

| Debtor | Acclivity West, LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

| | | |
|---|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br>☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. | |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☑ No<br>☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** *(Check all that apply.)*<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>   What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br>**Where is the property?** _____<br>   Number   Street<br>   _____<br>   City                                State   ZIP Code<br>**Is the property insured?**<br>☐ No<br>☐ Yes.   Insurance agency _____<br>              Contact name  _____<br>              Phone  _____ | |

### Statistical and administrative information

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds?** | *Check one:*<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |
| **14. Estimated number of creditors** | ☐ 1-49   ☐ 50-99   ☑ 1,000-5,000   ☐ 5,001-10,000   ☐ 25,001-50,000   ☐ 50,000-100,000<br>☐ 100-199   ☐ 200-999   ☐ 10,001-25,000   ☐ More than 100,000 | |
| **15. Estimated assets** | ☐ $0-$50,000   ☐ $1,000,001-$10 million   ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000   ☑ $10,000,001-$50 million   ☐ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000   ☐ $50,000,001-$100 million   ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million   ☐ $100,000,001-$500 million   ☐ More than $50 billion | |

Official Form 201                         **Voluntary Petition for Non-Individuals Filing for Bankruptcy**                         page 3

Debtor  __Acclivity West, LLC_____  Case number *(if known)* _____
      Name

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☑ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ■ I have been authorized to file this petition on behalf of the debtor.
- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __01/05/2024__
      MM/ DD/ YYYY

X _/s/ W. Marc Schwartz_____  Printed name __W. Marc Schwartz__
Signature of authorized representative of debtor

Title _____ Chief Restructuring Officer _____

**18. Signature of attorney**

X __/s/ Lenard M. Parkins_____  Date __January 5, 2024__
Signature of attorney for debtor      MM/ DD/ YYYY

__Lenard M. Parkins__
Printed name

__Parkins & Rubio LLP__
Firm name

__700 Milam Street Suite 1300__
Number    Street

__Houston_____  __TX__  __77002__
City      State      ZIP Code

__(713) 715-1666__  __lparkins@parkinsrubio.com__
Contact phone      Email address

__15518200__  __TX__
Bar number      State

Fill in this information to identify the case:

Debtor name: Acclivity West, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Bernard A. & Miriam F. Abrams Trust<br>7933 Grado El Tupelo<br>Carlsbad, CA 92009 | (858) 451-6828 | Active - In SWAP/LOF | | | | $131,722.94 |
| 2 | Eric Giere (on behalf of deceased father Robert)<br>6563 Gibson Dr<br>Belle Isle, FL 32809 | (407) 770-9415 | Active - In SWAP/LOF | | | | $95,968.64 |
| 3 | Ernest Blanco<br>23765 Adams Avenue<br>Murrieta, CA 92562 | (714) 313-5052 | Active - In SWAP/LOF | | | | $78,930.04 |
| 4 | Hansen Family Trust DTD 4/25/07<br>414 West Gallatin Street<br>Livingston, MT 59047 | (858) 693-0368 | Active - In SWAP/LOF | | | | $77,192.80 |
| 5 | James Bruce Varnell<br>2555 Duraznitos Place<br>Ramona, CA 92065 | (760) 787-5812 | Active - In SWAP/LOF | | | | $115,820.08 |
| 6 | James W. Kline<br>6168 Saddleback Way<br>Camarillo, CA 93012 | (805) 484-0117 | Active - In SWAP/LOF | | | | $78,877.79 |
| 7 | Janice Carole Guajardo_Qualified<br>28070 Blackberry Way<br>Yorba Linda, CA 92887 | (714) 694-0602 | Active - In SWAP/LOF | | | | $184,597.01 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | Kenneth & Ada Chuang 17 Silver Fern Irvine, CA 92603 | (949) 230-2461 | Active – In SWAP/LOF | | | | $129,701.56 |
| 9 | Marc Franklin_TRAD0811 1942 Port Albans Pl Newport Beach, CA 92660 | (949) 644-0482 marcf@cal-am.com | Investor: Active - In SWAP/LOF: Redemption | Unliquidated | | | $117,286.91 |
| 10 | Michael R. & Beryl C. Henry Trust dtd 3/5/99 11346 Drysdale Ln Los Alamitos, CA 90720 | (562) 430-4248 mhenry3000@gmail.com | Active - In SWAP/LOF | | | | $225,249.71 |
| 11 | Porter Hedges LLP Amegy Bank Lockbox Dept 510 P.O. Box 4346 Houston, TX 77210-4346 | | Legal Fees | Disputed | | | $98,564.32 |
| 12 | Rhynard Family Foundation 18543 Yorba Linda Blvd # 371 Yorba Linda, CA 92886 | (951) 301-5656 RhynardFoundation@gmail.com | Active - In SWAP/LOF | | | | $80,380.07 |
| 13 | Rita Villalobos 5343 Via Vicente Yorba Linda, CA 92887 | (714) 701-9575 rita8621@att.net | Active - In SWAP/LOF | | | | $91,716.88 |
| 14 | Robert Chagolla 33341 Redbird Dr Yucaipa, CA 92399 | (909) 800-4508 ltdtransport2012@yahoo.com | Active - In SWAP/LOF | | | | $95,032.86 |
| 15 | Steve Watson - TRUSTEE of Estate for Carole J. Watson IRA Dec'd 5520 Withers Ave Fontana, CA 92336 | (909) 899-6673 stephenwatson@watsonsprofiling.com | Active - In SWAP/LOF | | | | $102,848.96 |
| 16 | Steven Jones 9489 Lockford Ct Elk Grove, CA 95624 | (916) 715-3728 sjones@paradigmfinancial.us | Active - In SWAP/LOF | | | | $80,029.24 |
| 17 | Susan R. Hunt 3939 E Allin St Unit 201  Long Beach, CA 90803 | (562) 252-2855 suesmac3939@gmail.com | Active - In SWAP/LOF | | | | $93,953.84 |
| 18 | Terry K. Ryan C/O Martha Potesta 1689 Sausalito Rd W Sacramento, CA 95691 | (916) 803-6913 ct4foto@gmail.com | Active - In SWAP/LOF | | | | $72,838.27 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | Thomas & Marion Patterson<br>1931 Pine Crest Dr<br>Corona, CA 92882 | (951) 279-8167 | Active - In SWAP/LOF | | | | $126,983.90 |
| 20 | Timothy Buchanan<br>12 Santa Gustavo Rcho Sta Marg, CA 92688 | (949) 858-7476 | Active - In SWAP/LOF | | | | $138,047.59 |
| 21 | William E. Fraser<br>2221 Warfield Avenue #A Redondo Beach, CA 90278 | (703) 309-5118 | Active - In SWAP/LOF | | | | $87,154.34 |
| 22 | Michael A. Bula_Trad7163<br>18 Eastridge<br>Coto De Caza, CA 92679 | (949) 589-1944 | Active - In SWAP/LOF | | | | $72,137.56 |
| 23 | Kenneth Martini<br>7612 Camino Abierto<br>Carsbad, CA 92009 | (760) 753-1973 | Active - In SWAP/LOF | | | | $70,124.03 |
| 24 | Tonyce Bates<br>27 Morning Dove<br>Irvine, CA 92602 | (949) 786-8475 | Active - In SWAP/LOF | | | | $66,989.63 |
| 25 | Colleen Park<br>6320 East Norris Road<br>Gordon, WI 54838 | (951) 898-0421 | Active - In SWAP/LOF | | | | $64,985.27 |
| 26 | Joan M. Stiehl<br>388 East Ocean #1016<br>Long Beach, CA 90802 | (562) 673-6469 | Active - In SWAP/LOF | | | | $64,758.50 |
| 27 | Benoit Family, LLC<br>18 Eastridge<br>Coto De Caza, CA 92679 | (949) 589-1944 | Active - In SWAP/LOF | | | | $64,797.43 |
| 28 | Terry John Ballard<br>16401 Kohala Lane<br>Huntington Beach, CA 92649 | (714) 356-6767 | Active - In SWAP/LOF | | | | $63,149.90 |
| 29 | Hubbard Family Trust<br>1300 North Ardmore Avenue<br>Manhattan Beach, CA 90266 | (310) 345-1301 | Active - In SWAP/LOF | | | | $62,935.79 |
| 30 | Dennis Blough<br>25761 Nellie Gail Road<br>Laguna Hills, CA 92653 | (949) 677-0457 | Active - In SWAP/LOF: Redemption | | | | $62,776.53 |

Fill in this information to identify the case:

Debtor name: Acclivity West, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☑ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☑ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☑ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☑ Schedule H: Codebtors (Official Form 206H)

☑ A Summary of Assets and Liabilities for Non-Individuals (Official Form 206A-Summary)

☐ Amended Schedule _____

☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 01/05/2024
MM/ DD/ YYYY

X _____
Signature of individual signing on behalf of debtor

W. Marc Schwartz
Printed name

Chief Restructuring Officer
Position or relationship to debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Case No. 23-_____ |
| Acclivity Ancillary Services LLC, *et al*[1] | Chapter 11 |
| Debtor. | (Joint Administration Requested) |

**DEBTOR ACCLIVITY WEST, LLC'S CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

1. Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Acclivity West, LLC, as debtor and debtor in possession (collectively, the "Debtor") in the above-captioned chapter 11 case hereby states as follows:

2. The Debtor is owned by several non-debtor owner investors but none own 10% or more of the Debtor.

Executed January 5, 2024.

*[signature]*
W. Marc Schwartz,
Chief Restructuring Officer

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Acclivity Ancillary Services LLC (0786) and Acclivity West, LLC (7677). The Debtors' mailing address is 11200 Broadway Street, Suite 2705, Pearland, Texas 77584.

# JOINT RESOLUTION OF SOLE MANAGERS OF
# ACCLIVITY WEST, LLC AND ACCLIVITY ANCILLARY SERVICES LLC
December 28, 2023

Pursuant to the Second Amended and Restated Limited Liability Company Agreement of Acclivity West, LLC ("AW"), the undersigned Jesse M. Millares, as sole Manage of AW, and pursuant to the Limited Liability company Agreement, dated effective August 1, 2023 of Acclivity Ancillary Services LLC, a wholly owned subsidiary of AW ("AAS" and together with AW, the "Companies"), the undersigned Deanna Osborne, as sole Manager of AAS hereby consents to and affirmatively agrees to the adoption of the following resolutions.

**Approval of Bankruptcy Filing**

WHEREAS, the sole Manager of AW and the sole Manager of AAS (collectively, the "Managers") have reviewed and analyzed the materials presented by outside financial and legal advisors and other advisors of the Companies regarding the financial condition, capital structure, liquidity position, business model and projections, short-term and long- term prospects of the Companies, the restructuring and other strategic alternatives available to it, and the impact of the foregoing on each of the Companies;

WHEREAS, the Managers have determined that it is desirable and in the best interests of each of the Companies, their creditors, and other stakeholders generally that each of the Companies file a petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

NOW, THEREFORE, BE IT RESOLVED, that the Companies are hereby authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

BE IT FURTHER RESOLVED, that each Manager or other officer of each of the Companies, including W. Marc Schwartz, the Chief Restructuring Officer of the Companies (collectively, the "Authorized Officers") be, and each of them acting alone hereby is, authorized to execute and verify such petition of the applicable Company in the name of such Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed with the United States Bankruptcy Court for the Southern District of Texas Houston Division (the "Bankruptcy Court"), in such form and at such time as the Authorized Officer executing such petition shall determine.

BE IT FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized to execute and file, or cause to be filed (or direct others to do so on their behalf as provided herein) with the Bankruptcy Court, on behalf of the Companies, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other necessary papers or documents, including any amendments thereto, and, in connection therewith, to employ and retain all assistance by legal counsel, financial advisors, accountants, or other professionals and to take any and all actions that they deem necessary or proper to obtain such chapter 11 bankruptcy relief, and to take any necessary steps to coordinate and effectuate each of the Chapter 11 Cases.

BE IT FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized, directed, and empowered, with full power of delegation, on behalf of and in the name of the Companies, to execute, verify, and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement, or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings, and other documents, agreements, and papers, including any and all loan agreements, documents, notes, guaranties, security agreements, pledge agreements, and all other documents, agreements, or instruments as may be deemed necessary or appropriate by such Authorized Person, and to take any and all actions, including the grant of new liens and payment of adequate protection amounts, that such Authorized Officer deems necessary or appropriate, each in connection with the Chapter 11 Cases, any usage of cash collateral and other collateral under the Companies' secured credit facilities contemplated hereby or thereby.

**DIP Financing**

WHEREAS, the Companies are borrowers under that certain Loan and Security Agreement, dated as of August 11, 2020 (as amended, the "Loan and Security Agreement"), with Life Opportunity Fund I, LP, as lender ("LOF").

WHEREAS, each of the Companies will obtain benefits from (a) the procurement of post-petition financing and it is thus advisable and in the best interest of the Companies to enter into the DIP Financing Documents (as defined below) to which they are party and (b) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for LOF, the Companies' prepetition secured creditor, under the Companies' pre-petition Loan and Security Agreement.

NOW, THEREFORE, BE IT RESOLVED, that in connection with the Chapter 11 Cases, the Authorized Officers of each Company have determined that it is in the best interests of each Company to consummate the transactions under that certain multi-draw super-priority senior secured debtor-in-possession term loan credit facility to be evidenced by that certain Loan and Security Agreement, by and among the Companies, as borrowers, and LOF, as lender, subject to approval by the Bankruptcy Court (the "DIP Financing" and the obligations in respect thereof, the "DIP Obligations").

BE IT FURTHER RESOLVED, that Authorized Officers be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies to approve the form, terms, and provisions of the DIP credit agreement and any and all related promissory notes, security agreements and related documents (the "DIP Financing Documents") that may be necessary, appropriate, desirable, or advisable in connection with the DIP Financing.

BE IT FURTHER RESOLVED, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver,

2

certify, file, and record, and perform the obligations arising under, the DIP Financing Documents.

BE IT FURTHER RESOLVED, that the granting of liens and security interests on any and all assets of the Companies to secure the DIP Obligations is hereby approved.

BE IT FURTHER RESOLVED, that any Authorized Officer of each Company, in each case, acting singly, or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, joinders and extensions of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper, or advisable.

BE IT FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies, as debtors and debtors in possession, to seek authorization to incur the DIP Obligations and to seek approval of the use of Cash Collateral pursuant to a post-petition financing order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the post-petition financing, including providing for adequate protection to LOF in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Financing Documents and the use of Cash Collateral in connection with the Chapter 11 Cases, which agreements may require the Company to grant adequate protection and liens to LOF and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

**Retention of Professionals**

BE IT FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the law firm of Parkins & Rubio LLP to represent and advise the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings, in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Parkins & Rubio LLP.

BE IT FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ W. Marc Schwartz, as the Companies' Chief Restructuring Officer and retain Schwartz Associates, LLC, as the Companies' financial advisor, to represent and assist the Companies in

carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Schwartz and Schwartz Associates, LLC.

BE IT FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the firm of BMC Group, as claims, noticing, soliciting, and balloting agent, to assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of BMC Group.

**General Implementation Authority**

BE IT FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Officer of a Company to seek relief on behalf of such Company under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Cases in connection with such proceedings, or any matter related thereof, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the applicable Company.

BE IT FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Companies, to cause the Companies to take any action, as in the judgment of such Authorized Officer shall be or become necessary, proper, and desirable to put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions.

BE IT FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Companies, to cause the Companies to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, to incur all such fees and expenses and to take such other action, as in the judgment of such Authorized Officer shall be or become necessary, proper and desirable to prosecute to a successful completion of the Chapter 11 Cases, and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions.

BE IT FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized and empowered, with full power of delegation, for and in the name and on behalf of the Companies to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions.

BE IT FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized and empowered, with full power of delegation, for and in the name and on behalf of the Companies, to execute and authorize and take such other actions that are deemed necessary and advisable, with respect to any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions.

BE IT FURTHER RESOLVED, that all acts, actions, and transactions that are consistent with the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Companies.

BE IT FURTHER RESOLVED, that any facsimile or other electronic signature to these resolutions shall be fully effective as an original signature hereto.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned, being the Managers of each of the Companies, have executed this written consent as of the date first written above.

ACCLIVITY ANCILLARY SERVICES LLC

By: _____
Name: Deanna Osborne
Title: Manager


ACCLIVITY WEST, LLC

By: _____
Name: Jesse M. Millares
Title: Manager

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Southern District of Texas

**In re**     Acclivity West, LLC

Case No. _____

**Debtor**

Chapter _____11_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ................................................................................... $503,476.00

   Prior to the filing of this statement I have received ....................................................................... $503,476.00

   Balance Due .................................................................................................................................... $0.00

2.     $3,476.00*     of the filing fee has been paid.     * The filing fee for affiliate Debtor Acclivity Ancillary Services LLC was paid by parent Debtor Acclivity West, LLC which is included in this amount

3. The source of the compensation paid to me was:

   ☑ Debtor          ☐ Other (specify)

4. The source of compensation to be paid to me is:

   ☑ Debtor          ☐ Other (specify)

5. ☑   I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐   I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

7. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

Page 1 of 2

B2030 (Form 2030) (12/15)

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| January 5, 2024 | */s/ Lenard M. Parkins* |
| *Date* | Lenard M. Parkins |
| | *Signature of Attorney* |

Bar Number: 15518200
Parkins & Rubio LLP
700 Milam Street Suite 1300
Houston, TX 77002
Phone: (646) 419-0181

Parkins & Rubio LLP
*Name of law firm*